# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-568
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MELISSA DALTON, * | Filed:  March 17, 2015 |
| *legal representative of a minor child, Q.D.*, * | |
| * | |
| Petitioner, * | Petitioner's Motion for a Decision |
| v.   * | Dismissing the Petition; Vaccine Act |
| * | Entitlement; Denial Without Hearing |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Theodore G. Pashos*, Niedner Bodeux Carmichael Huff Lenox and Pashos, LLP, St. Charles, MO, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On September 6, 2011, Melissa Dalton filed a petition, as legal representative of a minor child, Q.D., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that Q.D. suffered from a "regression" that was caused by the DTAP, MMR, Poliovirus IPV, and Varicella vaccines that he received on September 8, 2009. *See* Petition at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

During a status conference in this case that was held on January 22, 2015, Petitioner's counsel indicated that he thought it likely that Petitioner would seek dismissal of this case. Order at 1 (ECF No. 52). She has now done so. Unopposed Motion for Decision of Dismissal (ECF No. 54). In that motion requesting dismissal of this case, Petitioner also represented that Respondent expressed no opposition to the motion. *Id.* at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Q.D. suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that Q.D. experienced could have been caused by the vaccinations received.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master